IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HUGO CESAR GRANADOS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-24-CV-374-DCG |
| | § | |
| SANDRA HIJAR, Warden, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Hugo Cesar Granados, Federal Prisoner Number 43734-509, challenges his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is dismissed without prejudice for the following reason.

**BACKGROUND AND PROCEDURAL HISTORY**

Granados is a 63-year-old inmate currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 43734-509, last visited Oct. 24, 2024). His projected release date is September 20, 2033. *Id.*

Granados was found guilty on one count of conspiracy to defraud the United States (the Government) and three counts of aiding and assisting in the preparation and presentation of false documents. *United States v. Granados*, 6:21-CR-15-H-1 (N.D. Tex.), J. Crim. Case, ECF No. 216. His convictions arose from his activities as the owner of a tax service which operated from El Paso and three other cities in Texas. In short, Granados falsified his clients' income-tax returns and filed them with the Internal Revenue Service as part of his scheme to profit from fraudulent tax refunds. He was sentenced to 168 months' imprisonment. *Id.*

On appeal, Granados argued "the district court erred by preventing a full cross-examination of a witness." *United States v. Granados*, No. 22-11181, 2024 WL 3181456, at *1 (5th Cir. June

26, 2024). He also maintained "the district court violated his right to self-representation." *Id.* His arguments were rejected by the Fifth Circuit Court of Appeals, and his conviction was affirmed on June 26, 2024. *Id.* He has not yet filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the trial court.

Granados asserts three claims in his § 2241 petition. Pet'r's Pet., ECF No. 1. First, he contends that the Government violated his constitutional rights by investigating him without probable cause. *Id.* at 2. Second, he maintains that the Government relied on false, perjured, and suborned testimony at the grand jury and at his trial in order to convict and deprive him of his liberty. *Id.* at 2–3. Finally, he asserts that the Government has introduced false and perjured testimony in order to conceal and punish him for his lawful and legal activities while exercising his constitutional rights within the Western District of Texas. *Id.* at 3. He suggests—correctly—that he is not eligible for § 2241 relief under the 28 U.S.C. § 2255(e) savings clause or Federal Rule of Civil Procedure 60(b)(1). *Id.* at 1. He asks the Court to "award the writ or issue an order directing the respondent to show cause why the writ should not be granted." *Id.* at 4.

Granados brought his first two claims in a prior § 2241 petition. *Granados v. Hijar*, No. EP-24-CV-235-DCG, 2024 WL 4157993 (W.D. Tex. Aug. 7, 2024). Specifically, he asserted that "the United States (the Government) violated his constitutional rights by investigating him without probable cause [and] the Government relied on false, perjured, and suborned testimony at the grand jury and at his trial in order to convict and deprive him of his liberty." *Id.* at *1. His prior petition was dismissed without prejudice because he could not "meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion to test the legality of his sentence." *Id.* at *2. And because it plainly appeared from his petition that he was not entitled to relief, the Court *sua*

2

*sponte* dismissed his petition for lack of jurisdiction without soliciting input from the Government. *Id.* at *2–*3.

## APPLICABLE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts a petitioner's allegations as true during its initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556.

Upon completing the initial screening, a court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## ANALYSIS

Granados does not challenge "the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. He challenges his conviction and sentence by claiming the Government violated his constitutional rights when it investigated him without probable cause and relied on false, perjured, and suborned testimony to convict him.

3

Pet'r's Pet., ECF No. 1 at 2. He also suggests—without any supporting evidence—that the Government has introduced false and perjured testimony in order to conceal and punish him for his lawful and legal activity while exercising his constitutional rights within the Western District of Texas. *Id.* at 3.

A federal prisoner who wants to challenge his conviction or sentence must generally seek relief through a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may only challenge his conviction or sentence in a § 2241 petition if his claims fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

"Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023). Additionally, a § 2255 motion is deemed adequate unless the petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law. *Id.* at 469 (citing § 3355(h)). "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 480. Finally, when a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is dismissal of the petition for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

It appears from Granados' petition and the available record that he "has failed to apply for

4

relief, by motion, to the court which sentenced him." 28 U.S.C. § 2255(e). Moreover, Granados provides nothing in his petition to indicate that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. He does not rely on newly discovered evidence or a new rule of constitutional law to justify granting him relief. And he has not yet filed a § 2255 motion to vacate his sentence in the trial court. Furthermore, he offers no credible explanation as to why the sentencing court could not address his issues and he offers no credible evidence that the Government presented false and perjured testimony to punish him for exercising his constitutional rights while within the Western District of Texas. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

## CONCLUSION AND ORDERS

The Court concludes that Granados cannot meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion to test the legality of his sentence. *See Pack*, 218 F.3d at 451. As a result, the Court further concludes that it plainly appears from Granados' petition that he is not entitled to relief under the "savings clause" of § 2255(e), and the Court, therefore, does not have the jurisdiction necessary to address his claims. The Court accordingly enters the following orders:

**IT IS ORDERED** that Hugo Cesar Granados' *pro se* "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent Hugo Cesar Granados' petition is

construed as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, he is **DENIED** a certificate of appealability.

    **IT IS FINALLY ORDERED** that Hugo Cesar Granados' case is **CLOSED**.

    **SIGNED** this 24th day of October 2024.

                                            **DAVID C. GUADERRAMA**
                                            **SENIOR UNITED STATES DISTRICT JUDGE**